PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar seeking review of the referee’s recommendation that Franke be suspended from the practice of law for ninety days, that he successfully complete the Florida Lawyer’s Assistance Program for substance abuse, and that he demonstrate to the Court that he is fully rehabilitated. The Bar requests that the suspension be increased to a period of ninety-one days. We have jurisdiction,* and we approve both the referee’s findings of fact and his disciplinary recommendation.
The referee’s findings of fact reflect that on or about April 30,1987, Franke removed a Swiss Army knife from the Sunshine Hardware Store in Naples, Florida, without paying for the knife and without receiving permission to take it. Franke took the knife with the intent to permanently,' or temporarily, appropriate the knife to his own use or to the use of another person not entitled thereto. In addition, Franke used cocaine in April, 1987, and marijuana in April or May, 1988. He entered a drug treatment program, which he failed to complete, and he admitted to using illegal drugs since leaving the program.
Upon these facts, the referee recommended that Franke be found guilty of violating rule 4-8.4(b), Rules Regulating The Florida Bar (a lawyer shall not commit a criminal act that reflects adversely on the *1120 lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects). The referee recommended that Franke be suspended from the practice of law for ninety days; that Franke be required to enroll in and successfully complete the Florida Lawyer's Assistance Program for substance abuse and demonstrate to the Court’s satisfaction that he is fully rehabilitated before returning to the practice of law; and that Franke be placed on probation for a period of two years following his rehabilitation and return to the practice of law. A condition of Franke’s probation would be abstention from the use of any illegal substances, with the understanding that he would be suspended from the practice of law for any probation violations.
We agree with the referee’s findings of fact. The Florida Bar has requested that Franke’s suspension be increased to a period of ninety-one days, in order to impose the additional requirement that he offer proof of rehabilitation before reinstatement, in accordance with rule 3-5.1(e), Rules Regulating The Florida Bar. However, we note that Franke has been suspended since September 28, 1988. We approve the referee’s recommended discipline and suspend Franke for ninety days, effective immediately, and until such time as he successfully completes the Florida Lawyer’s Assistance Program for substance abuse and demonstrates that he is fully rehabilitated. At such time, he will be entitled to reinstatement. A probationary period of two years shall follow Franke’s reinstatement. Judgment for costs in the amount of $1,191.71 is entered against Bruce D. Franke, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

Art. V, § 15, Fla. Const.